UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAMELA ANN FISCHL, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:20-cv-3289 |
| v. § | |
| § | With Jury Demand Endorsed |
| HOMELOANSERV, INC., § | |
| § | |
| Defendant. § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Pamela Ann Fischl ("Plaintiff"), by and through counsel, for her Complaint against Defendant, HomeLoanServ, Inc. ("Defendant"), states as follows:

**I. INTRODUCTION**

1. Defendant engaged in willful, malicious, deceptive, and harassing actions against Plaintiff in furtherance of its efforts to illegally collect on debt from her when it was legally uncollectible from her because it was subject to the automatic stay or discharge injunction as a result of Plaintiff's Chapter 7 bankruptcy case. Defendant's actions at issue include: 1) sending Plaintiff periodic billing statements demanding payment in a specified amount alleged to be "past due" by a certain date; 2) sending letters and other correspondence to the Plaintiff; and 3) calling Plaintiff on her cell phone in order to induce her to make payment on the Account or take other action to benefit Defendant.

2. Specifically, Plaintiff claims Defendant violated: 1) Tex. Fin. Code § 392.001 *et seq.*, known as the Texas Debt Collection Act ("TDCA"); 2) the common law prohibiting invasion of privacy; 3) the automatic stay; and 4) the discharge injunction of the United States Bankruptcy

Court for the Northern District of Texas, Dallas Division.  Plaintiff seeks to recover from Defendant actual, statutory, and punitive damages, and legal fees and expenses.

## II. PARTIES

3. Plaintiff is a natural person residing in Dallas County, Texas and a "consumer," as defined by the TDCA, Tex. Fin. Code § 392.001(1).

4. Defendant is a foreign non-profit corporation that may be served by delivering a summons to its registered agent, Registered Agent Inc., 5900 Balcones Drive, Suite 100, Austin, TX 78731.

5. Defendant is a "creditor," "debt collector," and/or "third-party debt collector" under the TDCA, Tex. Fin. Code §§ 392.001(3)(6) and (7).

6. The debt Defendant was attempting to collect from Plaintiff was a "consumer debt," as defined by Tex. Fin. Code § 392.001(2).

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 15 U.S.C. § 1681p.

8. Venue is proper in this district because Defendant transacts business in this district, Plaintiff filed her bankruptcy case in this district, and the conduct complained of occurred in this district.

## IV. FACTUAL ALLEGATIONS

**A.  Plaintiff Filed a Chapter 13 Bankruptcy Case Which Was Later Converted to Chapter 7, Surrendered the Collateral Property and Received a Discharge of Her Personal Liability for the Subject Debt.**

9. On September 2, 2019, Plaintiff filed Chapter 13 bankruptcy in case number 19-32974-bjh13 ("Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("Bankruptcy Court").

10. On December 31, 2019, Plaintiff voluntarily converted the case to one under Chapter 7.

**1) Plaintiff Included Information About the Account and Collateral in Her Schedules Filed with her Bankruptcy Petition.**

11. On Schedule "D," filed with her bankruptcy petition, Plaintiff listed Defendant as the servicer for a debt to Idaho Housing and Finance Association ("IHFA") secured by a lien on real property located at 913 Steadman Drive, Cedar Hill, Texas 75104 (the "Property"), with an account number ending in 2226 ("the Account").

12. A true and correct copy of relevant excerpts of Plaintiff's Schedule "D" is attached hereto as Exhibit "A."

**2) Plaintiff Notified Defendant that She had Vacated the Property and was Surrendering it.**

13. On or about January 9, 2020, Plaintiff called the Defendant and notified them she had vacated the Property securing the debt and was surrendering it. At all relevant times, Defendant was exempt from Regulation Z requirements to send periodic statements to Plaintiff, according to applicable Regulation Z exemptions pertaining to sending statements on residential mortgage loans to consumers in bankruptcy, because the automatic stay was lifted to allow Defendant to foreclose on the Property.

**3) Notice was Provided to Defendant of Plaintiff's Bankruptcy Case and the Automatic Stay Prohibiting Creditors and Debt Collectors from Contacting Plaintiff.**

14. On or about January 16, 2020, the Bankruptcy Noticing Center for the Bankruptcy Court sent a copy of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines" ("341 Notice") to Defendant, by first class mail. The 341 Notice warned all creditors, in conspicuous language, against violating the automatic stay imposed by 11 U.S.C. § 362. The

United States Postal Service did not return the 341 Notice sent to Defendant, creating a presumption it was received by Defendant.

15. A true and correct copy of the Notice of Chapter 7 Bankruptcy Case is attached hereto as Exhibit "B."

16. On January 22, 2020 IHFA filed a Motion for Relief from Stay, which was granted on February 18, 2020.

17. A true and correct copy of the Order Terminating Stay is attached hereto as Exhibit "C."

**4) The Subject Debt on the Account was Discharged as to Plaintiff's Personal Liability.**

18. On April 17, 2020, the Bankruptcy Court issued an order granting Plaintiff a discharge ("Discharge Order"). The Discharge Order followed Official Form 318, including the explanatory language contained therein. The Discharge Order discharged Plaintiff from any liability for the debt created by the Account.

19. Included with the Discharge Order was an explanation of the general injunction prohibiting any attempt to collect discharged debts, warning all creditors, in conspicuous language, that "**Creditors cannot collect discharged debts**" and that "Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

**5) Defendant Received Notice of Plaintiff's Discharge and the Explanation About the Discharge Injunction, Permanently Prohibiting Defendant from Taking Collection Activity Against Plaintiff on the Account.**

20. On April 19, 2020, the Bankruptcy Noticing Center mailed a copy of the Discharge Order to Defendant by first class mail. This mailing, which was not returned, constituted notice

to Defendant of the discharge granted in Plaintiff's Bankruptcy Case and the replacement of the automatic stay of 11 U.S.C. § 362 with the discharge injunction imposed by 11 U.S.C. § 524(a).

21. A true and correct copy of the Discharge Order mailed by the Bankruptcy Noticing Center is attached hereto as Exhibit "D."

22. At no time during the pendency of Plaintiff's Bankruptcy Case did IHFA, Defendant or any other person or entity object to or dispute the details or completeness of the claim regarding the Account listed on Schedule "D" to Plaintiff's Petition.

23. At no time did Plaintiff reaffirm the debt on the Account with any person or entity.

24. At no time did the Bankruptcy Court declare the debt on the Account to be non-dischargeable.

**B.    During Plaintiff's Bankruptcy and Post-Discharge, Defendant Attempted to Collect the Discharged Debt from Plaintiff by Making Harassing and Offensive Contact with Her and Through Deceptive and Coercive Communications and Actions.**

25. Defendant engaged in prohibited, coercive, deceptive, and harassing actions against Plaintiff in furtherance of Defendant's illegal debt collection activity. Defendant took these actions even though Defendant knew Plaintiff had surrendered the Property and that taking such collection actions against Plaintiff was illegal during this time period, as the automatic stay or discharge injunction was in effect.

26. During the Bankruptcy Case and following the April 17, 2020 entry of the Discharge Order in Plaintiff's Bankruptcy Case, Defendant engaged in prohibited debt collection activity against Plaintiff on the Account by calling her on her cell phone, sending correspondences, notices, and billing statements on the Account to harass, coerce and deceive Plaintiff into paying on the discharged debt or take actions to financially benefit Defendant to her detriment.

27. Defendant, during the Bankruptcy Case, sent Plaintiff billing statements with detachable payment coupons on the Account, demanding an amount due stated in a specified dollar

amount, by a specific due date, and with instructions on how to make the payment. Additionally, Defendant sent other letters and past due notices to Plaintiff and called her multiple times on her cell phone requesting she make a payment and seeking her intentions with the Account and the Property, all while knowing she had vacated and surrendered the Property.

28. For example, on or about July 20, 2020, Defendant sent Plaintiff a letter indicating it **"is an attempt to collect a debt"** and advising her that a late fee had been charged to her Account in the sum of $52.27 making the deferred late fee total $104.54. The letter goes on the state that the next payment due date is August 1, 2019, that the amount due at that time is $25,812.38 and **"if you have not been in contact with us, please do so immediately because we do have alternatives to help keep you in your home."**

29. A true and correct redacted copy of the July 20, 2020 letter is attached hereto as Exhibit "E."

30. On or about August 18, 2020, Defendant sent Plaintiff a letter indicating that it had sent information to her insurance company, OSC, notifying them that they determined that the Property may be vacant and asking OSC to contact Plaintiff regarding the status of the property. Defendant sent the letter to Plaintiff even though the automatic stay had been lifted, she had already advised them by telephone in January 2020 that she had vacated the Property, was surrendering it, and the debt had been discharged.

31. A true and correct redacted copy of the August 18, 2020 letter is attached hereto as Exhibit "F."

32. On or about August 19, 2020, Defendant sent Plaintiff a letter indicating it **"is an attempt to collect a debt"** and advising her that a late fee had been charged to her Account in the sum of $52.27 making the deferred late fee total $104.54. The letter goes on the state that the next

payment due date is August 1, 2019, that the amount due at that time is $27,833.65, and "**if you have been in contact with us, please do so immediately because we do have alternatives to help keep you in your home.**"

33. A true and correct redacted copy of the August 19, 2020 letter is attached hereto as Exhibit "G."

34. On or about September 18, 2020, Defendant sent Plaintiff an "Annual Escrow Account Disclosure Statement" indicating a payment of $2,223.00 is due as of November 1, 2020 with "Coming Year Escrow Projections" that include disbursements for property tax, FHA and hazard insurance that are anticipated to be $686.76 a month through October 2021. The letter goes on to state that the Account escrow balance is $2,062.86, "[t]his means you have a shortage of $2,757.51" and that "[w]e have decided to collect it over 12 months."

35. A true and correct redacted copy of the September 18, 2020 statement is attached hereto as Exhibit "H."

36. In October 2020, Defendant sent Plaintiff a letter enclosing a "Mortgage Payment Book" indicating the Account had an unpaid principal balance of $219,786.70, including separate detachable monthly payment coupons for the months of November 2020 (payment no. 1) through October 2021 (payment no. 12) with monthly "ontime" payments of $2,223.00 due at the first of each month and if not paid by the 16th of each month, the "late payment" would be $2,275.27.

37. A true and correct redacted copy of the October 2020 letter and "Mortgage Payment Book" are attached hereto as Exhibit "I."

## V. GROUNDS FOR RELIEF - COUNT I

### TEXAS FINANCE CODE – TEXAS DEBT COLLECTION ACT (TDCA)

38.  Plaintiff repeats, re-alleges, and incorporates by reference all previous Paragraphs above as if fully rewritten here.

39.  Defendant has violated the Texas Finance Code in numerous ways, including, but not limited to, the following:

   a) Tex. Fin. Code § 392.301(a)(8) prohibits Defendant from taking an action prohibited by law.  Inasmuch as: 1) the bankruptcy discharge injunction prohibits anyone from attempting to collect debts discharged in bankruptcy *in personam*; and 2) the common law protects Plaintiff's privacy rights; Defendant's actions against Plaintiff also violated the TDCA, as they were threats of further illegal and harassing collections and contacts from Defendant to Plaintiff in violation of the TDCA, and the post-discharge representations Defendant made to Plaintiff that she still may be liable for the debt as stated in the subject letters, notices and statements;

   b) Tex. Fin. Code § 392.303(2) prohibits Defendant from collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.  Inasmuch as Defendant was attempting to charge late fees on a discharged debt, it violated this section of the TDCA;

   c) Tex. Fin. Code § 392.304(a)(3), which prohibits representing falsely that the debt collector has information or something of value for the consumer in order to solicit or discover information about the consumer; inasmuch as Defendant was soliciting Plaintiff to contact them "because we do have alternatives to help keep you in your home," after Plaintiff had surrendered and vacated the Property, when Defendant knew Plaintiff had surrendered the Property and was not living in the Property, Defendant made false representations and solicitations to Plaintiff to obtain her personal and confidential information to further Defendant's illegal post-discharge collection efforts on the Account;

   d) Tex. Fin. Code § 392.304(a)(8) prohibits misrepresenting the character, extent, or amount of Plaintiff's debt. Defendant misrepresented to Plaintiff, through telephone calls, the information

      printed in the subject Late Fee Assessment Notices and letters representing that there were periodic payments due and owing by a specific date, with fees accruing and that the Account, which had been discharged, was past due and owing were to deceive Plaintiff into paying the discharged debt. These were misrepresentations of the character, extent or amount of the subject debt, in violation of the TDCA;

e)    Tex. Fin. Code § 392.304(a)(13) prohibits representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion, as here the post-discharge billing statements, notices and letters at issue representing that Plaintiff owed Defendant for "late fees" and other post-discharge assessed charges to the Account that were continuing to accrue every month post-discharge. Since 11 U.S.C. § 524 prohibits Defendant from attempting to collect on the discharged debt on the Account, as Plaintiff was no longer personally liable for it upon discharge, for the same reasons stated in the preceding paragraphs, Defendant violated this section of the TDCA;

f)    Tex. Fin. Code § 392.304(a)(19) prohibits Defendant's use of false representations or deceptive means to collect a debt, for the reasons stated in the preceding paragraphs; Defendant intentionally tried to coerce or deceive Plaintiff into paying the debt, while Defendant knew the Account was discharged in Plaintiff's bankruptcy, rendering the debt legally uncollectible from Plaintiff *in personam*; and

g)    Tex. Fin. Code § 392.302(4) prohibits Defendant from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Because Defendant's representatives repeatedly called Plaintiff to try and collect on the Account, even though Plaintiff informed the callers that she had surrendered the Property in the Chapter 7 conversion and to stop calling, Defendant also violated this section of the TDCA.

40.    Under Tex. Fin. Code Ann. § 392.403, Defendant's actions make it liable to Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees. Also, Plaintiff's injuries resulted from Defendant's malice, actual fraud, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

41. Because of Defendant's conduct, Plaintiff was forced to hire counsel to pursue this action, and Plaintiff's recoverable damages include her reasonable attorney's fees incurred in prosecuting this claim.

## VI.  GROUNDS FOR RELIEF - COUNT II

### INVASION OF PRIVACY

42. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if rewritten here in its entirety.

43. At all pertinent times, Plaintiff had a reasonable and lawful expectation not to be contacted and harassed by Defendant after the bankruptcy and post-discharge, when Plaintiff had surrendered and permanently vacated the Property prior to receiving her bankruptcy discharge. Thus, Defendant's calling the Plaintiff and sending her post-discharge written notices to her were invasions of Plaintiff's privacy rights.  These wrongful acts of Defendant caused injury to Plaintiff.

44. Defendant's wrongful acts were invasions of Plaintiff's privacy rights and caused injury to Plaintiff which resulted in extreme emotional anguish, loss of time and inconvenience. Plaintiff's injuries resulted from Defendant's malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code §41.003(a).

## VII.  GROUNDS FOR RELIEF- COUNT III

### VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY

45. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraphs above, as if rewritten here in his entirety.

46. At all times material to this proceeding, Defendant had actual knowledge about Plaintiff's Bankruptcy Case and the automatic stay.

47. Defendant attempted to collect from Plaintiff personally on the Account during her Bankruptcy Case, as evidenced by Defendant sending Plaintiff the Account statements, notices and correspondences at issue, as detailed in the paragraphs above, after Plaintiff filed her Bankruptcy Case. Defendant took these prohibited collection actions after Plaintiff had surrendered and permanently vacated the Property, about which Defendant had received notice.

48. The totality of Defendant's actions at issue and the individual actions constitute violations of the automatic stay, as set forth in 11 U.S.C. §362.

49. The facts and background stated above demonstrate that Defendant knowingly and willfully violated the automatic stay as it concerns the bankruptcy filed by Plaintiff. With this prima facie showing, the duty is on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court that goes beyond a mere assertion of inability. Failing a showing of a present inability to comply with the orders and injunctions of the Bankruptcy Court by Defendant, Plaintiff must prevail on his claims, and Defendant must be held liable for willfully violating the orders and injunctions of the Bankruptcy Court with regard to the filing and pendency of Plaintiff's Bankruptcy Case, resulting in the automatic stay being in effect which prohibited all contacts with Plaintiff in furtherance of *in personam* collection actions on the Account.

50. Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for its conduct and actions. Any allegation of a good faith exception should not be allowed.

51. Defendant violated the part of the Bankruptcy Court's Automatic Stay pertaining to 11 U.S.C. § 362(a)(1) which "operates as a stay, applicable to all entities, of—the commencement or continuation, including the issuance of employment of process, of a judicial,

administrative, or other action or proceeding agains the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim agains the debtor that arouse before the commencement of the case under this title;…", regarding all of Defendant's prohibited correspondences it sent to Plaintiff at issue during the pendency of the Bankruptcy Case.

52. No exceptions exist under 11 U.S.C. §§ 362 or any other provision of the United States Bankruptcy Code or other applicable law that permit the conduct of Defendant at issue with regard to violating the automatic stay, as stated above.

53. The orders and injunctions of the Bankruptcy Court cannot be waived, except by the virtue of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint. None of the aforementioned has been approved by the Court here, and no waiver of the automatic stay, orders or injunctions of the Court has occurred in Plaintiff's Bankruptcy Case as pertaining to the rights and remedies of Defendant.

54. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to violations of the orders and injunctions of the Bankruptcy Court. Any attempt to burden Plaintiff with policing the misconduct of Defendant would be a complete derogation of the law. It is well settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for shouldering the cost of compliance. Any such defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited. Any defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and action of Defendant. No allegation of a mitigation as a defense should be allowed.

55. Plaintiff has been injured and damaged by Defendant's actions and is entitled to recover judgment against Defendant, for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for violations of 11 U.S.C. § 362 and pursuant to the Court's powers under 11 U.S.C. § 105.

## VIII.  GROUNDS FOR RELIEF- COUNT III

### VIOLATION OF THE DISCHARGE INJUNCTION

56. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above, as if set forth herein in its entirety.

57. At all material times, Defendant had actual knowledge of Plaintiff's Bankruptcy Case and of the discharge of the debt on the Account.

58. The Defendant attempted to collect on the discharged debt or to get Plaintiff to take action to benefit the Defendant, as evidenced by the repeated phone calls, sending of the post-discharge Late Fee Assessment Notices, letters, monthly payment coupon booklet and other correspondence when the Property had already been surrendered and the debt discharged.

59. Defendant's actions were willful acts in furtherance of its efforts to collect the discharged debt from Plaintiff in violation of the discharge injunction imposed by 11 U.S.C. § 524(a).  Further, Defendant's acts were harassing and attempts to coerce and deceive Plaintiff to pay the discharged debt.  Defendant's failure to comply with the aforesaid laws, despite Defendant's being on notice of Plaintiff's Bankruptcy Case and discharge and the effect of Plaintiff's discharge, illustrates Defendant's utter contempt for federal law and the discharge injunction.

Case 3:20-cv-03289-E   Document 1   Filed 10/30/20   Page 14 of 19   PageID 14

60. The actions of Defendant constitute harassment and coercive and/or deceptive actions taken to collect a discharged debt from Plaintiff in gross violation of the discharge injunction imposed by 11 U.S.C. § 524(a)(1)-(3).

61. Defendant knowingly and willfully violated the orders and injunctions of the Bankruptcy Court issued in the bankruptcy filed by Plaintiff.  After this prima facie showing by Plaintiff, the duty falls on Defendant to show, as its only defense, a present inability to comply with the orders and injunctions of the Bankruptcy Court, which inability must go beyond a mere assertion of inability.  Failing a showing by Defendant of its present inability to comply with the orders and injunctions of the Bankruptcy Court, Plaintiff must prevail on her claims, and Defendant must be held liable for knowingly and willfully violating the orders and injunctions of the Bankruptcy Court.  Any defense put forth by Defendant in this proceeding can only constitute a good faith exception, as no other reasonable explanation can be made for the conduct and actions of Defendant.  Any allegation of a good faith exception should not be allowed.

62. Specifically, Defendant violated the part of the Bankruptcy Court's Discharge Order issued pursuant to 11 U.S.C. § 524(a)(2) that "operates as an injunction against the commencement, or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtors, whether or not the discharge of such debt is waived . . ."

63. There are no exceptions under 11 U.S.C. § 524, other provisions of the United States Bankruptcy Code, or other applicable law that would permit Defendant's conduct, which was in blatant disregard of the discharge injunction.

64. The orders and injunctions of the Bankruptcy Court cannot be waived, except by way of a properly filed and approved reaffirmation agreement, motion, stipulation or complaint,

-14-

none of which occurred here.  No waiver of the orders or injunctions of the Bankruptcy Court has occurred.

65. Also, there is no requirement of mitigation on the part of Plaintiff that is relevant to Defendant's violations of the orders and injunctions of the Bankruptcy Court.  Any burdening of Plaintiff with an obligation to police the misconduct of Defendant would be a complete derogation of the law.  It is well-settled that each party to an injunction or order of the Court is responsible for ensuring its own compliance with the injunction or order and for bearing the cost of compliance.  Any attempt by Defendant to mount such a defense would constitute a collateral attack on the injunctions and orders of the Bankruptcy Court in this proceeding, which is prohibited.  Any such defense put forth by Defendant in this case can only constitute a claim of mitigation, as no other reasonable explanation can be made for the conduct and actions of Defendant.  No defense of failure to mitigate should be allowed.

66. Plaintiff has been injured and damaged by Defendant's actions, and Plaintiff is entitled to recover judgment against Defendant for actual damages and punitive damages, plus an award of costs and reasonable attorney's fees, for Defendant's violations of 11 U.S.C. § 524 and pursuant to the Court's powers under 11 U.S.C. § 105.

### IX. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

67. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendant, the principal, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability on Defendant for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

## X. DAMAGES

68.     In addition to any damages previously stated hereinabove, the conduct of Defendant has proximately caused Plaintiff past and future monetary loss; past and future mental distress, emotional anguish and a discernable injury to Plaintiff's emotional state; and other damages, evidence for all of which will be presented to the jury.  Moreover, dealing with the consequences of Defendant's actions has cost Plaintiff considerable personal time and mental energy, which are precious to her including repeated visits to her bankruptcy counsel's office regarding the collection activity of Defendant, and at least fifteen calls to their office to determine what they could to force Defendant to cease its collection activity.

69.     Defendant's actions at issue have caused and/or exacerbated Plaintiff's negative emotions and mental anguish and distress, including anxiety, headaches, difficulty breathing, chest pain, loss of appetite, fatigue, stress, insomnia, panic attacks, and depression, and have caused and amplified the return of Plaintiff's array of negative emotions and distress of having to file and go through bankruptcy, and have caused and/or exacerbated new fears, stress, worry, frustration, uncertainty, anger, defensiveness and anxiety to such a degree to negatively impact her physical well-being and day-to-day life.

70.     Also, Plaintiff is a single mother to three special needs children and the family's sole breadwinner.  Defendant's actions have left Plaintiff feeling hopeless, helpless, and depressed after Defendant refused to stop the relentless collection efforts and harassment no matter what Plaintiff has done to try to get Defendant to cease the collection actions and efforts at issue.

71.     At all relevant times, Defendant knew, and it continues to know, that, pursuant to an automatic stay and a discharge order granted by a U.S. Bankruptcy Court, included and discharged debts are no longer legally collectible, but Defendant made a corporate decision to act

knowingly, willfully, maliciously, and contrary to its knowledge of bankruptcy law, to attempt to collect on the debt it knew had been included in the bankruptcy and later discharged as a result of Plaintiff's Bankruptcy Case. Defendant had no right to engage in any of its actions at issue.

72. Plaintiff believes that, after reasonable discovery in this case, she will be able to show that all actions taken by, or on behalf of, Defendant were conducted maliciously, wantonly, recklessly, intentionally, knowingly, and/or willfully, with the desire to harm Plaintiff with the actual knowledge that such actions were in violation of the law.

73. Plaintiff believes that, after reasonable discovery, she will be able to show that Defendant has been involved in numerous disputes involving complaints about the type of conduct at issue here; nevertheless, Defendant, intentionally and knowingly, has refused to correct its policies and comply with applicable laws, of which laws it is well-aware.

74. Plaintiff believes that, after reasonable discovery, she will be able to show that Defendant has engaged in a pattern and practice of wrongful and unlawful behavior, in accordance with its established policies and procedures, with respect to knowingly, willfully, intentionally, and maliciously attempting to collect on debts discharged in bankruptcy. Accordingly, Defendant is subject to punitive damages, statutory damages, and all other appropriate measures necessary to punish and deter similar future conduct by Defendant. Moreover, Plaintiff's injuries resulted from Defendant's malice, and/or willful and intentional misconduct, entitling Plaintiff to punitive damages.

75. Plaintiff believes that, after reasonable discovery, she will be able to show that Defendant's actions at issue were part of Defendant's illegal design, implemented in its policies and procedures, to profit by harassing unsophisticated debtors and collecting debts that had been included and discharged in the debtors' respective bankruptcy cases.

76. Due to Defendant's conduct, Plaintiff was forced to hire counsel, and her damages include reasonable attorney's fees incurred in prosecuting her claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Pamela Ann Fischl, prays the Court:

A. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, costs, and reasonable and necessary attorney's fees for Defendant's violations of the TDCA, Plaintiff's privacy rights, the automatic stay and the discharge injunction;

B. Find that appropriate circumstances exist for an award of punitive damages to Plaintiff;

C. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

D. Grant such other and further relief, in law or equity, to which Plaintiff might show she is justly entitled.

Respectfully submitted,

*/s/ James J. Manchee*
James J. Manchee
State Bar Number 00796988
jim@mancheelawfirm.com
MANCHEE & MANCHEE, PC
2745 North Dallas Parkway, Suite 420
Plano, Texas 75093
(972) 960-2240 (telephone)
(972) 233-0713 (fax)

**COUNSEL FOR PLAINTIFF**

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:
October 30, 2020                                      */s/ James J. Manchee*
                                                                  James J. Manchee